# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**KATHERINE HARPOLD,**
**Claimant Below, Petitioner**

**FILED**
**April 25, 2019**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0730** (BOR Appeal No. 2052732)
(Claim No. 2016031493)

**CITY OF CHARLESTON,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Katherine Harpold, by Edwin H. Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of Charleston, by James W. Heslep, its attorney, filed a timely response.

The issues on appeal are additional compensable conditions and medical benefits. The claims administrator denied a left knee arthroscopy and medial menisectomy on August 9, 2016. On September 1, 2016, it denied authorization for a hinged knee brace. Finally, on October 20, 2016, the claims administrator denied the addition of left knee pain, medial meniscus tear of the left knee, and bilateral knee primary osteoarthritis to the claim. The Office of Judges affirmed the decisions in its February 23, 2018, Order. The Order was affirmed by the Board of Review on July 20, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Harpold, a paramedic and firefighter, injured her left knee in the course of her employment on June 6, 2016. The Employees' and Physicians' Report of Injury indicates Ms. Harpold injured her left knee when she fell at a patient's house. She was treated by William Casto, D.O., who diagnosed pain in the lower leg joint. Ms. Harpold was taken off of work until September 7, 2016. It was noted that the injury did not aggravate a prior injury or disease. The Employers' Report of Injury indicates Ms. Harpold injured her left knee when she fell while exiting

1

a patient's home to retrieve a stretcher. The employer questioned the injury and stated that light duty work was available.

Ms. Harpold has a history of left knee problems. On July 16, 2009, a left knee MRI showed chondromalacia, irregularity and secondary degenerative changes in the medial femoral condyle, and joint effusion. Ms. Harpold was treated by David Soulsby, M.D., on December 3, 2009. Dr. Soulsby prescribed physical therapy for mild arthritis in the left knee. A December 9, 2009, report from CAMC Physical Therapy and Sports Medicine indicates Ms. Harpold was referred for left knee pain and arthritis. The therapist's diagnoses were left knee pain and possible meniscus tear.

A left knee MRI was taken on June 21, 2016, and showed high grade osteoarthritis of the joint with severe loss of cartilage, a degenerative tear of the anterior horn and body of the medial meniscus, and a moderately large knee joint effusion. X-rays of the left knee showed multicompartmental osteoarthritis and chondromalacia, osteochondral changes in the medial femoral condyle, and chronic findings. The claim was held compensable for unspecified internal derangement of the knee on June 23, 2016.

A July 7, 2016, treatment note by John Pierson, M.D., indicates Ms. Harpold was seen for left knee pain that started after falling at a patient's house. She stated that she had mild aching in the knee prior to the injury but no real pain. Dr. Pierson diagnosed bilateral primary osteoarthritis of the knee and left knee derangement of the anterior horn of the medial meniscus due to an old tear or injury. Dr. Pierson noted that Ms. Harpold had tricompartmental disease on MRI. She also had an obvious tear of the anterior horn of the medial meniscus which was likely contributing to her new post-injury symptoms. Dr. Pierson opined that her meniscus tear symptoms were acute because Ms. Harpold was having pain in the left knee only and only had mild pain preinjury. He recommended a left knee arthroscopy with partial medial menisectomy.

Dariene Burns, R.N., prepared a utilization review on July 18, 2016, in which she noted that James Farrage, M.D., reviewed the case and opined that there was no apparent medical necessity for arthroscopic surgery on the left knee as it pertained to the work-related injury. The MRI showed severe tricompartmental degenerative changes and a chronic meniscus tear. There was no evidence of acute internal derangement other than a reactive joint effusion resulting from the compensable injury, which exacerbated the underlying conditions. Dr. Farrage recommended using conservative treatment and opined that surgery would not alter the underlying disease process. He concluded that if Ms. Harpold wished to proceed with arthroscopy, the surgery should not be covered under her workers' compensation claim.

An August 3, 2016, treatment note by Dr. Pierson indicates Ms. Harpold reported increased pain, stiffness, and locking of the knee. She stated that she required crutches due to her knee locking up and giving way. She stated that she had none of these problems prior to the compensable injury. Dr. Pierson diagnosed left knee medial meniscus tear and bilateral primary osteoarthritis of the knees. He prescribed a hinged knee brace. Dr. Pierson noted that despite her significant degenerative joint disease, Ms. Harpold now has symptoms of locking, catching, and giving way, which were not present prior to the injury. Dr. Pierson opined that her current symptoms are the result of the compensable injury and are unrelated to her preexisting osteoarthritis. He also opined

that the medial meniscus tear is a direct result of the compensable injury. The claims administrator denied a left knee arthroscopy with medial menisectomy on August 9, 2016.

Thomas Loeb, M.D., performed a record review on August 29, 2016, in which he opined that Ms. Harpold has a longstanding diagnosis of osteoarthritis in both knees. Her compensable injury was a slip and fall with a blow to the anterior portion of the left knee. The injury resulted in a contusion, and there was no new injury seen on MRI. Dr. Loeb opined that the hinged knee brace was to treat left knee laxity, which was associated with the longstanding osteoarthritis. The brace was necessary strictly for the preexisting arthritic condition, not the compensable injury.

In an August 30, 2016, diagnosis update, Dr. Pierson requested that left knee pain, tear of the medial meniscus of the left knee, and bilateral primary osteoarthritis be added to the claim. He stated that since the compensable injury, Ms. Harpold has experienced catching, locking, and giving way of her left knee which was not present before her compensable fall. He further opined that she needs a left knee arthroscopy and partial medial menisectomy as a direct result of her compensable injury. The claims administrator denied authorization for a hinged knee brace on September 1, 2016. On October 20, 2016, it denied a left knee arthroscopy and medial menisectomy as well as the addition of left knee pain, medial meniscus tear of the left knee, and bilateral knee primary osteoarthritis to the claim.

Ms. Harpold testified in a January 12, 2017, deposition that on the day of her injury, she was carrying equipment into a patient's house when she tripped, fell, and landed on her left knee. She went home after her shift that day and though her knee was sore, she did not think it was serious. The following day, her knee began catching, and she sought treatment with Dr. Casto, her family physician. Ms. Harpold stated that she had no left knee injuries prior to her work-related fall. She stated that she had knee surgery in ninth grade for osteochondritis dissecans, which is a condition that requires a surgeon to insert a pin and chip to reattach a bone. Following that surgery, she stated that she played soccer in high school and college and was also on the row team. Additionally, she passed her fire department physical. Ms. Harpold testified that prior to the injury, she had occasional aching in her knee but it did not affect her job performance.

The Office of Judges affirmed the claims administrator's decisions in its February 23, 2018, Order. It found that Ms. Harpold suffered a left knee injury in 1998 which required surgery. She was diagnosed with chondromalacia and arthritis in the left knee in 2009. A left knee MRI dated June 21, 2016, showed high grade osteoarthritis of the knee joint with severe loss of cartilage in all three compartments, a degenerative tear of the medial meniscus, and a moderately large joint effusion. The Office of Judges found that a utilization review was conducted by Dr. Farrage, who opined that a left knee arthroscopy and menisectomy were unnecessary as they would not alter the course of her preexisting degenerative joint disease. He stated that the best course of treatment would be conservative measures. The Office of Judges also noted that Dr. Loeb performed an authorization request review in which he opined that Ms. Harpold has a longstanding diagnosis of primary osteoarthritis in both knees. He stated that a hinged knee brace was unrelated to the compensable injury and was only aimed at treating her preexisting osteoarthritis. The Office of Judges ultimately concluded that there was insufficient evidence to establish that the requested left knee surgery, hinged knee brace, and additional compensable conditions were related to the

3

compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 20, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence of record indicates that Ms. Harpold had severe preexisting osteoarthritis in both knees for which she had previously sought treatment. She has requested that left knee pain, medial meniscus tear of the left knee, and bilateral knee primary osteoarthritis be added to the claim. Left knee pain is a symptom, not a diagnosis, and therefore cannot be added to the claim. A preponderance of the evidence shows that the medial meniscus tear and bilateral primary osteoarthritis preexisted the compensable injury and should not be part of the claim. A preponderance of the evidence also shows that the left knee surgery and hinged knee brace are not necessary medical treatment for the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison